**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| HOMELAND CENTRAL INSURANCE COMPANY F/K/A HAWKEYE SECURITY INSURANCE COMPANY (IA) AS TRANSFEREE OF WESTERN STATES INSURANCE COMPANY, BY ITS TRANSFEREE ONEBEACON INSURANCE COMPANY, <br><br> Plaintiff, <br><br> vs. <br><br> TUSCHALL ENGINEERING COMPANY, INC., F.H. PASCHEN, S.N. NIELSEN, INC., <br><br> Defendants. | No.: 08 CV 2991 <br><br> Hon. Judge Ronald A. Guzman <br><br> Magistrate Judge Brown |

**PLAINTIFF'S ANSWER TO DEFENDANTS F.H. PASCHEN AND S.N. NIELSEN, INC.'S COUNTERCLAIM**

NOW COMES Plaintiff, Homeland Central Insurance Company f/k/a Hawkeye-Security Insurance Company (IA) as transferee of Western States Insurance Company; by its transferee OneBeacon Insurance Company ("OneBeacon") by and through its attorneys, for its Answer to Defendants F.H. Paschen and S.N. Nielsen's Counterclaim.

1.     F.H. Paschen, S.N. Nielsen, Inc. ("Paschen") is an Illinois corporation which claims (sic) to be an additional insured under a policy issued by OneBeacon.

**ANSWER:**     OneBeacon admits that Paschen is an Illinois corporation and that Paschen has claimed entitlement to certain benefits under a certain contract entered into by and between OneBeacon and Defendant Tuschall.  OneBeacon is without sufficient information to admit or deny the remaining allegation contained in paragraph 1 of Paschen's Counterclaim.

2.    On information and belief, OneBeacon is a corporation organized and existing under the laws of the State of Pennsylvania, which is authorized to conduct and transact insurance business in the state of Illinois.

>   **ANSWER:**   OneBeacon admits the allegations contained in paragraph 2 of Paschen's Counterclaim.

3.    Tuschall Engineering Corporation ("Tuschall") is an Illinois corporation and is an insured under a policy issued by OneBeacon.

>   **ANSWER:**   OneBeacon admits the allegations contained in paragraph 3 of Paschen's Counterclaim.

4.    Board of Trustees of William Rainey Harper College No. 512 ("Harper") and the Illinois Capital Development Board ("CDB") (collectively, "Underlying Plaintiffs") are the plaintiffs in a certain pending action against Paschen, which will be more fully described later herein.

>   **ANSWER:**   OneBeacon admits the allegations contained in paragraph 4 of Paschen's Counterclaim.

5.    Paschen contracted with CDB to construct the Wojcik Conference Center and Performing Arts Center on the Harper College Campus in Palatine, Illinois, CDB Project No. 810-032-016, BDB Contract No. 50-0735-81 ("Harper Project").

>   **ANSWER:**   Upon information and belief, OneBeacon admits the allegations contained in paragraph 5 of Paschen's Counterclaim.

6.    Tuschall was one of Paschen's subcontractors on the Harper Project.

>   **ANSWER:**   Upon information and belief, OneBeacon admits the allegation contained in paragraph 6 of Paschen's Counterclaim.

7.    Tuschall, without ambiguity, agreed in its subcontract with Paschen to indemnify and hold Paschen harmless from any and all claims made against Paschen arising from the work provided by Tuschall for the Harper Project.

>   **ANSWER:**   OneBeacon states that the subcontract agreement speaks for itself. As the allegations contained in paragraph 7 of Paschen's Counterclaim do not fully set forth the

agreements between defendants, OneBeacon denies the same, putting Defendants and Counterclaimants to their strict proof thereof.

8.   On information and belief and due to its contractual obligations to Paschen, Tuschall contracted with OneBeacon (and other such insurance companies) to issue a policy/policies to satisfy the terms of the subcontract, namely to indemnify and hold Paschen harmless from any and all claims made against Paschen arising from the work provided by Tuschall for the Harper Project.

>   **ANSWER:**   OneBeacon admits that it is party to a contract of insurance with defendant Tuschall.  As to the remaining allegations contained in paragraph 8 of Paschen's Counterclaim, OneBeacon is without sufficient information to admit or deny the remaining allegations and accordingly denies the same, putting Defendants and Counter claimants to their strict proof thereof.

9.   Furthermore, as part of Tuschall's duties under its subcontract with Paschen, Paschen was to enjoy "additional named insurance status" under the language of Tuschall's insurance policy/policies which further contain coverage insuring Tuschall's indemnity obligations.

>   **ANSWER:**   OneBeacon states that the subcontract agreement speaks for itself. . As the allegations contained in paragraph 7 of Paschen's Counterclaim do not fully set forth the agreements between defendants, OneBeacon denies the same, putting Defendants and Counterclaimants to their strict proof thereof.

10.   Pursuant to Illinois law, Tuschall and its insurers owe both a defense and indemnity for loss to Paschen.

>   **ANSWER:**   The allegations contained in paragraph 10 of Paschen's Counterclaim state legal conclusions and therefore a response is not required.  To the extent a response is required, OneBeacon specifically denies that Paschen is entitled to contractual benefits pursuant to the terms, conditions and limitations of that certain contract of insurance entered into by and between OneBeacon and Tuschall.

11.     On June 5, 2006, the Underlying Plaintiffs filed a complaint against Paschen and Burnidge, Cassell and Associates, Inc. ("Harper Complaint").  See the Harper Complaint, a copy of which (without exhibits) is attached hereto as Exhibit A.

> **ANSWER:**     Upon information and belief, OneBeacon states that the Harper Complaint speaks for itself.  To the extent that any allegation contained in paragraph 9 of Paschen's Counterclaim is not consistent with this subcontract, OneBeacon denies the same.

12.     The Harper Complaint contained only vague allegations relating to allegedly defectively constructed/designed portions of the Wojcik Conference Center and the performing Arts Center Project at Harper College.  See Exhibit A.

> **ANSWER:**     Upon information and belief, OneBeacon states that the Harper Complaint speaks for itself.  To the extent that any allegation contained in paragraph 12 of Paschen's Counterclaim is not consistent with the Harper Complaint, OneBeacon denies the same.

13.     The insuring agreement for the Policy provides:

> 1.     **Insuring Agreement.**
>
>    a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  We may at our discretion investigate any "occurrence" and settle any claim or "suit" that may result.  But:
>    b.    This insurance applies to "bodily injury" and "property damage" only if:
>       (1)    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and
>       (2)    The "bodily injury" or "property damage" occurs during the policy period.

> **ANSWER:**     OneBeacon objects to this allegation as vague and ambiguous as the claim does not specify the definition of the phrase "the Policy."  As such, OneBeacon is unable to admit or deny these allegations and, accordingly, denies the same placing Defendants and Counterclaimants to their strict proof thereof.

14.     The phrase "property damage" is defined in the policy:

4

12. "Property damage" means:
    a.    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
    b.    Loss of use of tangible property that is not physically injured. All such loss shall be deemed to occur at the time of the "occurrence" that caused it.

**ANSWER:** OneBeacon objects to this allegation as vague and ambiguous as the claim does not specify the definition of the phrase "the Policy." As such, OneBeacon is unable to admit or deny these allegations and, accordingly, denies the same placing Defendants and Counterclaimants to their strict proof thereof.

15. The term "occurrence" is defined in the policy as follows:

9. "Occurrence" means any accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**ANSWER:** OneBeacon objects to this allegation as vague and ambiguous as the claim does not specify the definition of the phrase "the Policy." As such, OneBeacon is unable to admit or deny these allegations and, accordingly, denies the same placing Defendants and Counterclaimants to their strict proof thereof.

16. The policy defines "impaired property" as follows:

8. "Impaired property" means tangible property other than "your product" or "your work," that cannot be used or is less useful because:

    a.    It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or
    b.    You have failed to fulfill the terms of a contract or agreement; if such property can be restored to use by:
    a.    The repair, replacement, adjustment or removal of "your product" or "your work;" or
    b.    Your fulfilling the terms of the contact or agreement.

**ANSWER:** OneBeacon objects to this allegation as vague and ambiguous as the claim does not specify the definition of the phrase "the Policy." As such, OneBeacon is unable

to admit or deny these allegations and, accordingly, denies the same placing Defendants and Counterclaimants to their strict proof thereof.

17. The term "your work" is defined in the policy as follows:

20. "Your work" means:

   a. Work or operations performed by you or on your behalf; and
   b. Materials, parts or equipment furnished in connection with such work or operations.

   "Your work" includes:

   a. Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and
   b. The providing of or failure to provide warnings or instructions.

   **ANSWER:** OneBeacon objects to this allegation as vague and ambiguous as the claim does not specify the definition of the phrase "the Policy." As such, OneBeacon is unable to admit or deny these allegations and, accordingly, denies the same placing Defendants and Counterclaimants to their strict proof thereof.

18. The terms of the Tuschall/Paschen Subcontract, Paragraphs Twenty-Two and Twenty-Four, provide that Tuschall shall indemnify, defend, and hold harmless Paschen from and against any and all claims arising from the Tuschall Work performed by Tuschall pursuant to its Subcontract Agreement with Paschen, including, without limitation, any claims that the Tuschall Work was defective or not in conformity with Tuschall Subcontract Agreement or Project Documents. See Tuschall/Paschen Subcontract contained in the Third Party Complaint against Tuschall, a copy of which is attached to OneBeacon's Complaint as Exhibit B., p. 11-12, ¶¶22 & 24.

   **ANSWER:** OneBeacon states that the subcontract agreement speaks for itself. As the allegations contained in paragraph 18 of Paschen's Counterclaim do not fully set forth the agreements between defendants, OneBeacon denies the same, putting Defendants and Counterclaimants to their strict proof thereof.

19. Paschen is an additional insured on the Acuity policy issued to Tuschall pursuant to an additional insured endorsement, contained in Exhibit C of OneBeacon's Complaint.

   **ANSWER:** Upon information and belief, OneBeacon states that OneBeacon's Complaint and exhibits speak for themselves. To the extent that any allegations

6

contained in paragraph 19 of Paschen's Counterclaim are not consistent with OneBeacon's Complaint and exhibits, OneBeacon denies the same.

20. After numerous requests by Paschen, Harper and CDB on April 12, 2007, through counsel, provided Paschen with an itemized and estimated costs of repairing and/or replacing the allegedly defectively designed/constructed work claimed in the Harper Complaint. No further information was provided by the Underlying Plaintiffs as to the nature or the scope of their claimed defects or any resulting damage. See April 12, 2007 letter attached hereto as Exhibit B.

    **ANSWER:** Upon information and belief, OneBeacon states that the April 12, 2007 letter from Kenneth Florey to Ellen Epstein and Laurie Randolph speaks for itself. To the extent that any allegations contained in paragraph 20 of Paschen's Counterclaim are not consistent with this letter, OneBeacon denies the same. OneBeacon is without sufficient information to admit or deny the remaining allegations contained in paragraph 20 of Paschen's Counterclaim.

21. As a result of finally receiving from the Underlying Plaintiffs a scintilla of detail relating to the "defects" (approximately ten (10) months after the initial filing of the Harper Complaint), Paschen was able to preliminarily determine the identify of the subcontractors who performed the work claimed by the Underlying Plaintiffs to be defective. Paschen then tendered its defense to said subcontractors, including Tuschall, on May 9, 2007. See May 9, 2007 tender, a copy of which is attached as Exhibit C.

    **ANSWER:** Upon information and belief, OneBeacon states that the April 12, 2007 letter from Kenneth Florey to Ellen Epstein and Laurie Randolph and the May 9, 2007 letter from Ellen Epstein to James Tuschall speak for themselves. To the extent that any allegations contained in paragraph 21 of Paschen's Counterclaim are not consistent with these letters, OneBeacon denies the same. OneBeacon admits that the Harper Complaint was filed on June 5, 2006. OneBeacon is without sufficient information to admit or deny the remaining allegations contained in paragraph 21 of Paschen's Counterclaim.

22. In its May 9, 2007 letter, Paschen advised Tuschall to "notify your insurance carrier that a potential liability exists." See Ex. C, p. 2, ¶4.

> **ANSWER:** Upon information and belief, OneBeacon states that the May 9, 2007 letter from Ellen Epstein to James Tuschall speaks for itself. To the extent that any allegations contained in paragraph 22 of Paschen's Counterclaim are not consistent with this letter, OneBeacon denies the same.

23. On August 7, 2007, Paschen filed its First Amended Third Party Complaint, naming Tuschall as one of the third-party defendants in the Underlying Litigation.

> **ANSWER:** Upon information and belief, OneBeacon states that Paschen's First Amended Third Party Complaint speaks for itself. To the extent that any allegations contained in paragraph 23 of Paschen's Counterclaim are not consistent with this Complaint, OneBeacon denies the same.

24. Pursuant to Court order, on August 24, 2007, Underlying Plaintiffs sent correspondence to the Court containing additional information regarding the allegedly defective design/ construction work originally only generally described in the Underlying Complaint. See August 24, 2007 letter attached hereto as Exhibit D.

> **ANSWER:** Upon information and belief, OneBeacon states that the August 24, 2007 letter from Samuel Cavnar to the Honorable Judge Ronald Bartkowicz speaks for itself. To the extent that any allegations contained in paragraph 24 of Paschen's Counterclaim are not consistent with this letter, OneBeacon denies the same. OneBeacon is without sufficient information to admit or deny the remaining allegations contained in paragraph 24 of Paschen's Counterclaim.

25. On September 12, 2007, Paschen, in response to the August 24, 2007, letter, drafted and sent another letter to Tuschall (c/o Tuschall's counsel) and to Insurance Resource Consultants to again tender Paschen's defense and again advised Tuschall to notify its insurers of the Underlying Complaint, the Third-Party Complaint and Tuschall's contractual duty to indemnify Paschen. See the September 12, 2007 letter attached hereto as Exhibit E.

> **ANSWER:** Upon information and belief, OneBeacon states that the September 12, 2007 letter from Ellen Epstein to Tuschall Engineering, Bradford Roth and Insurance Resource Consultants speaks for itself. To the extent that any allegations contained in

8

paragraph 25 of Paschen's Counterclaim are not consistent with this letter, OneBeacon denies the same. OneBeacon is without sufficient information to admit or deny the remaining allegations contained in paragraph 25 of Paschen's Counterclaim.

26. Paschen stated in its September 12, 2007, letter that it "was named as an additional insured under certain insurance policies provided by Tuschall, including, without limitation, policies issued by Western States Insurance Co. and Acuity/Heritage" See Ex. E, p. 1, ¶2.

**ANSWER:** Upon information and belief, OneBeacon states that the September 12, 2007 letter from Ellen Epstein to Tuschall Engineering, Bradford Roth and Insurance Resource Consultants speaks for itself. To the extent that any allegations contained in paragraph 26 of Paschen's Counterclaim are not consistent with this letter, OneBeacon denies the same.

27. On January 16, 2008, Paschen received from OneBeacon a declination of coverage letter.

**ANSWER:** Upon information and belief, OneBeacon states that the January 16, 2008 letter from Matthew Adler to Ellen Epstein speaks for itself. Upon information and belief, OneBeacon admits the allegations contained in paragraph 27 of Paschen's Counterclaim.

28. On March 18, 2008, after receiving Court approval, Underlying Plaintiffs filed an amended complaint against Paschen, Burnidge, Cassell and Associates, Inc., St. Paul Fire and Marine Insurance Company, Abbott and Associates and Fireman's Fund Insurance Company ("Amended Underlying Complaint").

**ANSWER:** Upon information and belief, OneBeacon states that the Amended Complaint speaks for itself. To the extent that any allegations contained in paragraph 28 of Paschen's Counterclaim are not consistent with this Complaint, OneBeacon denies the same. OneBeacon is without sufficient information to admit or deny the remaining allegations contained in paragraph 28 of Paschen's Counterclaim.

## COURT I:  DECLARATORY JUDGMENT
## DUTY TO DEFEND PASCHEN

29. Paschen adopts and repeats the allegations of Paragraphs One through Twenty-Eight and as for Paragraph Twenty-Nine hereof as though the same were fully set forth herein.

**ANSWER:** OneBeacon adopts and repeats the answers of Paragraphs One through Twenty-Eight and as for Paragraph Twenty-Nine hereof as though the same were fully set forth herein.

30. Paschen contends that OneBeacon has a duty and obligation to defend and indemnity Paschen in the Underlying Litigation.

**ANSWER:** The allegations contained in paragraph 30 of Paschen's Counterclaim state legal conclusions and therefore a response is not required. To the extent a response is required, OneBeacon denies the allegations contained in paragraph 30 of Paschen's Counterclaim.

31. The above contentions of Paschen are, on information and belief, denied by OneBeacon which, in turn, contends that OneBeacon has no duty or obligation to defend or indemnity Paschen in the Underlying Litigation.

**ANSWER:** The allegations contained in paragraph 31 of Paschen's Counterclaim state legal conclusions and therefore a response is not required. To the extent a response is required, OneBeacon admits the allegation contained in paragraph 31 of Paschen's Counterclaim that OneBeacon has no duty or obligation to defend or indemnity Paschen in the Underlying Litigation.

32. Pursuant to 735 ILCS § 5/2-701 et seq, Paschen is entitled to a judicial determination concerning the scope and nature of its rights under the policies at issue herein and of those of all other parties to this action with respect to the underlying action and underlying third-party action.

**ANSWER:** The allegations in paragraph 32 of Paschen's Counterclaim seeks relief from the court. As such, no response is required. To the extent a response is required, OneBeacon admits that the parties are entitled to a court declaration regarding their

121221873v1  886033 54832

respective rights and obligations under certain contracts, including that certain contract of insurance entered into by and between OneBeacon and Tuschall.

## AFFIRMATIVE DEFENSES

1. OneBeacon affirmatively alleges that Paschen's Counterclaim has failed to state a claim upon which relief can be granted.

2. OneBeacon affirmatively alleges that Paschen's Counterclaim is barred, in whole or in part, by the doctrine of waiver.

3. OneBeacon affirmatively alleges that Paschen's Counterclaim is barred, in whole or in part, by principles of equitable estoppel.

4. OneBeacon affirmatively alleges that Paschen's Counterclaim is barred because OneBeacon had no duty to defend or indemnify.

5. OneBeacon affirmatively alleges that Paschen's Counterclaim is barred or limited by the terms, exclusions, conditions, definitions, declarations, endorsements and/or limitations of the applicable insurance policies.

6. To the extent that the policy issued by OneBeacon may be determined to respond for the loss alleged in the Counterclaim, if at all, a proper allocation of the loss or damages, including defense costs, between OneBeacon and all other responsible parties with a duty to defend and/or indemnity, is required.

7. The alleged damages, if any, may be barred or limited, in whole or in part, by the conduct or negligence of others for whom OneBeacon is not responsible or over whom OneBeacon has no control.

8. The Counterclaim against OneBeacon for indemnification, if viable, may be barred or reduced to the extent the limits of any policy issued by OneBeacon has been exhausted or impaired.

121221873v1  886033  54832

9.  The Counterclaim against OneBeacon may be barred, in whole or in part, to the extent that any claimed loss arises from the alleged insured's actions, omissions, or other conduct that is or was in violation of federal, state, and/or local laws, statutes, regulations, codes or public policy.

10. To the extent OneBeacon may be obligated under its policies to any alleged additional insured, such obligation ended when OneBeacon's insured's operations for that additional insured were complete.

WHEREFORE, OneBeacon having fully answered Paschen's Counterclaim prays for judgment in OneBeacon's favor and against Paschen dismissing the Counterclaim with prejudice and to enter judgment in OneBeacon's favor for costs, attorneys fees and any such other relief as the Court deems just and equitable.

Respectfully submitted,

**HOMELAND CENTRAL INSURANCE COMPANY F/K/A HAWKEYE SECURITY INSURANCE COMPANY (IA) AS TRANSFEREE OF WESTERN STATES INSURANCE COMPANY, BY ITS TRANSFEREE ONEBEACON INSURANCE COMPANY**

/s/   Ali R. Amin                                   .
One of their attorneys

Ali R. Amin (6274471)
Hinshaw & Culbertson, LLP
222 North LaSalle Street, Suite 300
Chicago, IL 60601
Telephone:  312-704-3694
Facsimile:   312-704-3001

121221873v1  886033 54832

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| HOMELAND CENTRAL INSURANCE COMPANY F/K/A HAWKEYE SECURITY INSURANCE COMPANY (IA) AS TRANSFEREE OF WESTERN STATES INSURANCE COMPANY, BY ITS TRANSFEREE ONEBEACON INSURANCE COMPANY, <br><br> Plaintiff, <br><br> vs. <br><br> TUSCHALL ENGINEERING COMPANY, INC., F.H. PASCHEN, S.N. NIELSEN, INC., <br><br> Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    No.:1:08-CV-2991 |

**CERTIFICATE OF SERVICE / NOTICE OF FILING**

I hereby certify that on September 5, 2008, I filed a copy of **PLAINTIFF'S ANSWER TO DEFENDANTS F.H. PASCHEN AND S.N. NIELSEN, INC'S COUNTERCLAIM** with the Clerk of the U.S. District Court for the Northern District of Illinois, Eastern Division. ECF-users will receive notice by operation of the Court's ECF system.

                                               /s/     Ali R. Amin                .
                                               Counsel for HOMELAND CENTRAL INSURANCE COMPANY F/K/A HAWKEYE SECURITY INSURANCE COMPANY (IA) AS TRANSFEREE OF WESTERN STATES INSURANCE COMPANY, BY ITS TRANSFEREE ONEBEACON INSURANCE COMPANY

121221873v1  886033  54832